IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GINO SHULER,

    Defendant.

CIVIL ACTION FILE

NUMBER 1:15-cr-0082-TCB

## **O R D E R**

This case comes before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation (the "R&R") [615] which recommends denying Defendant Gino Shuler's motion [292] to suppress evidence. Shuler has filed objections to the R&R [625].

On March 11, 2015, Shuler was indicted with one count of conspiracy, five counts of stealing money of the United States, and five counts of aggravated identity theft. Shuler seeks to suppress evidence collected and seized by the police when he was arrested after a traffic stop for following too closely. The facts of the case are not disputed and

the Court adopts the facts as set forth in the R&R. Shuler objects to two of the conclusions reached by the magistrate judge.

## I. Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. A district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (A judge must "give fresh consideration to those issues to which specific objection has been made by a party."). Those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)

(per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. Shuler's Objections to the R&R

Shuler objects to two of the conclusions reached by the magistrate judge in the R&R. Specifically, Shuler objects to the conclusion that his conduct or his brother's conduct during the traffic stop gave rise to a suspicion of illegal activity. He also objects to the conclusion that Sergeant Brett Newman's investigation beyond the scope of the traffic violation did not unreasonably prolong the duration of the stop. As such, the Court will consider these questions de novo.[2]

---

[2] In analyzing the behavior of Newman, the Court applies the law as it existed in 2012, when the search occurred. *See Davis v. United States*, 564 U.S. 229,

4

### A. Shuler's and Maurice's Conduct Gave Rise to a Reasonable Suspicion of Illegal Activity

The Court agrees with the magistrate judge that the conduct of Shuler and his brother, Maurice, gave rise to a suspicion of illegal activity.

Under *Terry v. Ohio*, 392 U.S. 1, 20 (1968), an officer's actions during a traffic stop must be "reasonably related in scope to the circumstances which justified the interference in the first place." "Furthermore, the duration of the traffic stop must be limited to the time necessary to effectuate the purpose of the stop." *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) (emphasis omitted). "The traffic stop may not last 'any longer than necessary to process the traffic violation' unless there is articulable suspicion of other illegal activity." *Id.* (quoting *United States v. Holloman*, 113 F.3d 192, 196 (11th Cir. 1997)).

Shuler is incorrect in arguing that the magistrate judge "[r]ejected" the argument that some of Shuler's behavior could have

---

239–41 (2011) (exclusionary rule does not apply in cases where police conduct a search in reasonable reliance on current binding precedent).

been the result of normal nervousness or his normal behavior. [625] at 2. The magistrate judge stated, and the Court agrees, that "while individually each of these facts can be explained by innocent behavior and would not be enough to satisfy the reasonable suspicion standard, collectively under Eleventh Circuit law, they justify Sergeant Newman's investigation." [615] at 21. In fact, on review, a court "may not consider each fact only in isolation, and reasonable suspicion may exist even if each fact 'alone is susceptible of innocent explanation.'" *United States v. Bautista-Silva*, 567 F.3d 1266, 1272 (11th Cir. 2009) (quoting *United States v. Arvizu*, 534 U.S. 266, 277 (2002)).

Shuler argues that specific instances of behavior, taken separately, were no more than hunches or guesses on the part of Newman. However, this argument admittedly ignores Newman's testimony while improperly separating each instance objected to by Shuler. Newman testified at length regarding several specific behaviors and articulated the suspicions raised by the behaviors, both individually and collectively.

For example, Newman testified that something burning was thrown from Shuler's car and hit the patrol car. When asked to identify what hit the patrol car, Shuler first denied throwing anything out the window and then admitted to throwing a cigarette out of the car. Following this misstatement, Shuler immediately made a number of evasive comments to Newman when Newman questioned him regarding the strong smell of an air freshener coming from the car. Newman testified that this series of events led him to suspect that Shuler was masking the smell of marijuana in the car.

Shuler and Maurice exhibited signs of nervousness, which on its own might not be enough to create an articulable suspicion of illegal activity, but which is a valid consideration when looking at the totality of the circumstances. *See, e.g.*, *United States v. Harris*, 928 F.2d 1113, 1117 (11th Cir. 1991) (citing driver's extreme nervousness as a factor). Additionally, Shuler's nervousness did not decrease but continued even after Shuler told him that he was only going to receive a warning. Newman explained that this behavior was contrary to his experience as a police officer dealing with motorists.

Neither Shuler nor Maurice could explain where they were travelling, beyond the general destination of Macon. Though a street name was given, Shuler could not answer where in Macon the street was located and could only give the first name of the person they were supposedly meeting, Rick. Shuler admitted to knowing Rick for a year, but did not know his last name and could not identify where he met Rick, beyond stating that Shuler met him in a club in Atlanta. Maurice made evasive, repetitive statements that were not responsive to the basic question of why they were going to Macon and who they were meeting. Newman testified that the use of first names only and claiming not to know further details is a common practice among drug traffickers in order to conceal identities. Moreover, "inconsistent statements about destination" are another factor that may contribute to an objectively reasonably suspicion of illegal activity. *United States v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir. 1999).

Taken together, the initial lie about throwing something burning from the car, the evasive answers regarding the air freshener, the inconsistent, incomplete, and evasive answers regarding their travel

8

destination and the person they were allegedly meeting, in addition to the exhibited nervousness throughout the encounter, is sufficient to create an objectively reasonable suspicion of illegal activity. Newman's testimony cited above sufficiently articulates several specific and reasonable suspicions raised by Shuler's and Maurice's behavior during the stop.

### B. Newman's Investigation Outside the Scope of the Traffic Violation Did Not Unreasonably Prolong the Duration of the Stop

Shuler also objects to the magistrate judge's finding that Newman's investigation did not unreasonably prolong the duration of the stop. The stop lasted approximately fifteen minutes from the beginning of the stop until the K-9 unit alerted.

During a legal stop, police officers may prolong the detention to investigate a driver's license and registration, conduct a criminal history check, and conduct further investigation if the police officer has an "articulable suspicion of other illegal activity." *United States v. Boyce*, 351 F.3d 1102, 1106 (11th Cir. 2003) (quoting *Purcell*, 236 F.3d at 1277). As discussed above, Newman had an objectively reasonable,

9

articulable suspicion of illegal activity based on the behavior of Shuler and Maurice.

"The touchstone of the Fourth Amendment is reasonableness." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991).

> The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. This much, however, is clear: an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time.

*Florida v. Royer*, 460 U.S. 491, 500 (1983). The Eleventh Circuit has found that fourteen minutes was not an unreasonable amount of time for a traffic stop and that much longer detentions have been approved under the facts of each case. *Purcell*, 236 F.3d at 1279. Here, Newman's investigation in both scope and duration were reasonable.

Of the roughly fifteen-minute duration of the stop, nearly four and a half minutes were spent retrieving and reviewing the report on Shuler's and Maurice's licenses and criminal histories. In the three minutes prior to that, at the beginning of the stop, Shuler had already lied about throwing something from the car, evaded questions regarding

10

the air freshener, exhibited nervous behavior, and Shuler and Maurice had both already made conflicting and vague statements to Newman regarding their destination and purpose. From a very early point in the stop, Newman had a reasonable suspicion of illegal activity. As a result, Newman's continued questioning after the license check, while writing out the warning citation, was justified by his reasonable suspicion. Further, the investigative methods employed were minimally invasive and resolved Newman's suspicion in a short period of time. *Royer*, 460 U.S. at 500. Thus, the Court finds the duration of the traffic stop reasonable and in accord with the constitutional requirements of the Fourth Amendment.

## IV. Conclusion

The Court has carefully reviewed the R&R and Shuler's objections thereto. Having done so, the Court finds no clear error in the portions of the R&R not objected to. *Macort*, 208 F. App'x at 784. Further, the Court finds that Magistrate Judge Walker's factual and legal conclusions were correct and that Shuler's objections have no merit.

Therefore, the Court adopts as its Order the R&R [615]. Shuler's motion [292] to suppress is denied.

IT IS SO ORDERED this 6th day of December, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge